**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 96-40510
Summary Calendar

_____

ROBERT MEADOWS,

Plaintiff-Appellant,

VERSUS

THOMAS, Major; MAYFIELD, Sgt; W. CLARK; M. MERCHANT,
Officer; DOW, Officer,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(G-95-CV-116)
_____

September 5, 1996

Before DAVIS, EMILIO M. GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Robert Meadows, an inmate in the custody of the Texas Department of Criminal Justice (DCJ), challenges the district court's § 1915(d) dismissal of his civil rights complaint against a number of prison officials.  We vacate and remand for further factual development.

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

The gravamen of plaintiff's complaint against the defendants is that they took inadequate steps to protect him from a violent fellow inmate. Meadows' pleadings, together with his answers to interrogatories, establish that inmate Clark attacked him on January 26, 1995, while a guard was escorting Meadows to the shower. Two days earlier, Clark had threatened Meadows following a dispute over some property. Meadows reported that incident to defendant Mayfield but received no response.

The district court applied the proper legal standard. To establish a failure to protect claim, an inmate must show that he was "incarcerated under conditions posing a substantial risk of serious harm" and that the prison officials were deliberately indifferent to his need for protection. Horton v. Cockrell, 70 F.3d 397 (5th Cir. 1995), citing Farmer v. Brennan, 114 S.Ct. 1970, 1977 (1994). To act with deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." Id. at 1979. A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 1984.

Meadows' pleadings support an inference that prison officials knew that Meadows faced risk of injury from Clark inasmuch as Meadows informed the officials about Clark's threats. The prison officials did not totally disregard these threats; a guard was

2

escorting Meadows to the showers when Clark attacked him. We nevertheless conclude that the question of whether prison officials took reasonable measures to abate the risk must have further factual development. Meadows alleges that with the prison officials' knowledge of Clark's threats and in violation of prison regulations, Clark was allowed to remain outside his cell in the area where Meadows was being escorted in handcuffs at the time Clark attacked him. Meadows' action may eventually pass § 1915(d) muster following additional factual development of this aspect of his claim. See Eason v. Taylor, 13 F.3d 8, 10 (5th Cir. 1994). But without this factual development we conclude that the district court abused its discretion in dismissing Meadows' claim under § 1915(d).

VACATED and REMANDED.